UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROY STEVEN BOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-02584-SEB-MJD |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| TRANS UNION, LLC, | ) |
| JH PORTFOLIO DEBT EQUITIES, LLC | ) |
| Default Entered 9/25/2019, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Plaintiff Roy Steven Bowers initiated this action against Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and JH Portfolio Debt Equities, LLC ("JH Portfolio") on June 15, 2019, alleging violations of the Fair Credit Reporting Act, 15 U.S.C.A. § 1681, *et seq*. On September 23, 2019, the Court received notice that a settlement had been reached between Mr. Bowers and defendants Equifax and Trans Union, who were subsequently dismissed from this action. The remaining defendant, JH Portfolio, filed no answer to the Complaint or other responsive pleading nor defended this action in any way. A Clerk's default was entered against JH Portfolio on September 15, 2019. Now before the Court is Mr. Bowers's Motion for Default Judgment against JH Portfolio. For the reasons detailed below, this motion is **denied.**

## Facts Established by the Complaint

On July 11, 2018, Mr. Bowers filed a Voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for our district. JH Portfolio was listed in Mr. Bowers's petition as having an unsecured claim against him in the sum of $5886.85. Mr. Bowers successfully fulfilled all of the requirements of his Chapter 7 bankruptcy and, as a result, was granted a discharge on October 17, 2018.

Sometime in January 2019, Mr. Bowers obtained copies of his consumer credit reports, published by Equifax and Trans Union. Mr. Bowers discovered that these reports contained misleading and inaccurate information allegedly provided by JH Portfolio. For example, the credit reports listed a debt previously owed to an entity called "Lending Club Corporation" as closed and discharged by virtue of Mr. Bowers's bankruptcy proceedings. However, the credit reports also listed this same debt as being owed to JH Portfolio without reflecting that it had been discharged. This information allegedly provided to Equifax and Trans Union by JH Portfolio was inconsistent with the discharge order entered in Mr. Bowers's Chapter 7 bankruptcy. Mr. Bower reported this inaccuracy (among others) to Equifax and Trans Union, but his attempts to remedy the errors with Equifax and Trans Union proved futile. According to Mr. Bowers, Defendants' actions caused his FICO credit score to be unjustly reduced, thereby disadvantaging him in terms of financial opportunities. This is the gravamen of his complaint.

## Legal Analysis

As noted above, an entry of default was entered against JH Portfolio on September 3, 2019. Mr. Bowers now seeks default judgment against JH Portfolio, pursuant to

Federal Rule of Civil Procedure 55. "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff for each cause of action alleged in the complaint." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993) (citation omitted). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Nonetheless, an entry of default judgment is only appropriate if these allegations, along with the other evidence submitted, establish a cognizable claim for relief. *Mortland v. Lights Out Developments, LLC*, 2020 WL 3577867, at *1 (S.D. Ind. July 1, 2020); *Franko v. All About Travel Inc.*, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim.").

Here, Mr. Bowers has alleged that JH Portfolio violated its duties as a "furnisher" under the FCRA. Pursuant to the FCRA, furnishers are those persons or entities, such as JH Portfolio, who furnish information to credit reporting agencies, such as Equifax and Trans Union. *See* 15 U.S.C. § 1681s–2; 12 CFR § 222.41. The FCRA requires furnishers to conduct reasonable investigations when they are notified by a consumer reporting agency that a consumer has disputed information reported by the furnisher.[1] 15 U.S.C. §

---

[1] Furnishers are also required to transmit accurate information. 15 U.S.C. § 1681s-2(a)(1)(A). However, Mr. Bowers cannot bring an individual claim against JH Portfolio for this alleged violation of the FCRA; only the Federal Trade Commission or a state agency may bring such a claim. Mr. Bowers is thus limited to challenging JH Portfolio's investigation. *Walton v. BMO Harris Bank N.A.*, 761 Fed. Appx. 589, n.1 (7th Cir. 2019).

1681s-2(b)(1)(A). Furnishers must also "review all relevant information provided by the consumer reporting agency" and "report the results of this investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)(B)-(C). If a furnisher's investigation finds that the information is incomplete or inaccurate or cannot be verified, the furnisher must "promptly" "modify," "delete," or "permanently block the reporting of that information." 15 U.S.C. § 1681s-2(b)(1)(E).

In his complaint, Mr. Bowers has not pled any facts indicating whether JH Portfolio ever received notice of his disputed claim from either Equifax or Trans Union such that JH Portfolio's duty to conduct an investigation would have been triggered. *Gulley v. Pierce & Associates*, P.C., 436 Fed. Appx. 662, 665 (7th Cir. 2011) ("[A]bsent a formal notice from a credit reporting agency, [the furnisher's] duty to investigate was never triggered."). Instead, most of the complaint addresses Equifax and Trans Union's alleged FCRA violations, including their purported failure to notify JH Portfolio that Mr. Bowers had disputed information set out in his credit reports. [*See* Comp. ¶¶ 95-113]. Indeed, Mr. Bowers undermines his own attempts to hold JH Portfolio liable for violations of 15 U.S.C. § 1681s-2(b) by alleging that JH Portfolio did *not* receive notice: "Equifax and Trans Union made the intentional choice to not notify JH Portfolio of Bowers's dispute, in reckless disregard of their duties under the FCRA." [Comp. ¶ 113]. Accepting these allegations as true, as we must, Mr. Bowers has not stated a cognizable legal claim in his complaint against JH Portfolio under 15 U.S.C. § 1681s-2(b).

Alternatively, Mr. Bowers has pled that JH Portfolio did receive notice, but beyond that general averment, the complaint is devoid of any factual details. For

4

example, Mr. Bowers states that: "Upon information and belief, Equifax [and Trans Union] timely notified JH Portfolio of Bowers's dispute[.]" [Dkt. ¶¶ 62, 88]. Pleading "upon information and belief" is not fatal to a claim so long as there is sufficient factual detail to support the inference of plausibility. *Green v. Beth*, 663 Fed. Appx. 471, 474 (7th Cir. 2016); *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 917, 2013 WL 2992163 (7th Cir. 2013). No factual detail has been provided here, and none can be found in the complaint's only other reference to JH Portfolio's alleged wrongdoing: "JH Portfolio willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Bowers's dispute from one or more consumer reporting agencies[.]" [Comp. ¶ 135]. This conclusory recitation of the legal elements of the claim is "unsupported by the necessary *factual* allegations to support a reasonable inference" of liability. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886 (7th Cir. 2012) (emphasis in original); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (noting that a plaintiff is required to support complaint with at least "some specific facts"). In addition to failing to provide any factual detail on the issue of notice,[2]

---

[2] We note that Mr. Bowers could have easily obtained this information without discovery; the FCRA expressly provides that a disputing consumer is entitled to receive certain disclosures from credit reporting agencies, including "the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher[.]" 15 U.S.C. § 1681i(a)(6)(A). Accordingly, district courts in our circuit require a sufficient allegation of the requisite notice given that this "key information" is "easily verifiable." *Neiman v. Chase Bank, USA, N.A.*, 2014 WL 3705345, at *7 (N.D. Ill. July 25, 2014) (collecting cases). Like the court in *Neiman,* we are aware of the Seventh Circuit's non-precedential decision in *Lang v. TCF National Bank*, 249 Fed. Appx. 464 (7th Cir. 2007), which held that consumers need not specifically allege notice when seeking to hold furnishers liable under the FCRA. We agree with the *Neiman* Court that *Lang* provides no guidance here. First, *Lang* was decided prior to the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the Supreme Court clarified that "sufficient facts" must be pled to state a plausible claim for relief.

this statement offers no insight, assuming *arguendo* that JH Portfolio did receive notice of the dispute, as to whether and to what extent it conducted an investigation of this dispute as is required for the Court to determine the "reasonableness" of JH Portfolio's efforts under the FCRA. *See Ginnan v. Guaranteed Rate, Inc.*, 2016 WL 302146, at *3 (N.D. Ill. Jan. 25, 2016); *Baker v. Capital One Bank (USA), N.A.*, 2012 WL 5930094, at *3 (S.D. Ind. Nov. 26, 2012).

## CONCLUSION

For the reasons outlined herein, Plaintiff's Motion for Entry of Default Judgment, [Dkt. 32], is **denied.** No later than thirty days from the date of this Order, Plaintiff shall file either an amended complaint or a voluntarily dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

IT IS SO ORDERED.

Date: 11/3/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Scott E. Brady
SCHUCKIT & ASSOCIATES P.C.
sbrady@schuckitlaw.com

---

Consequently, recent decisions favor the standard reflected in *Neiman* with respect to pleading FCRA claims against furnishers. Second, the complaint in *Lang* included extensive factual details supporting the Seventh Circuit's conclusion that the defendant was on "fair notice" of the claims against it, regardless of whether the complainant expressly alleged that the defendant had been formally notified of the dispute. Here, however, the allegations of the complaint are inconsistent with a finding of liability against JH Portfolio.

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Ronald C. Gilbert, III
SCHUCKIT & ASSOCIATES P.C.
rgilbert@schuckitlaw.com

Frank D. Otte
CLARK QUINN MOSES SCOTT & GRAHN LLP
fotte@clarkquinnlaw.com